**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samantha Elizabeth Bragg, | No. CV-20-00622-PHX-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Betsy DeVos, | |
| Defendant. | |

On May 15, 2020, the Court granted Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc.8). The Court advised that a separate screening order would follow. The Court has screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) and finds that Plaintiff has not satisfied the pleading requirements of the Federal Rules of Civil Procedure and fails to state a cause of action. The Court will therefore dismiss the Complaint (Doc. 1) without prejudice and grant Plaintiff leave to file a First Amended Complaint consistent with the findings of the Court set forth herein.

## I. LEGAL STANDARDS

**A. Statutory Screening of In Forma Pauperis Complaint Pursuant to 28 U.S.C. § 1915(e)(2)**

The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28

U.S.C. § 1915A(b)(1)–(2).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir.1997).

The United States Court of Appeals for the Ninth Circuit has instructed that courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).  If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

"It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127.

**B. Subject Matter Jurisdiction and Pleading in Federal Court**

Unlike state courts, federal courts only have jurisdiction over a limited number of cases, and those cases typically involve either a controversy between citizens of different states ("diversity jurisdiction") or a question of federal law ("federal question jurisdiction"). *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3).

## II. DISCUSSION

Plaintiff sues the United States Secretary of Education for "failure to uphold policy and law" arising from a ten-day suspension without pay to Plaintiff, after eight days of classroom instruction, for not attending a 'fitness for duty,' eight-hour neuropsychiatric exam on September 18, 2013. Subsequently, Plaintiff's teaching contract was not renewed with the Kyrene School District, and the Arizona Department of Education did not renew Plaintiff's standard K-8 teaching certificate. (Doc. 1 at 1, 6). Plaintiff attaches 102 pages of exhibits to her Complaint regarding the chronology of events referenced. In 2014, Plaintiff filed discrimination charges against the Kyrene School District with the Equal Employment Opportunity Commission ("EEOC"), citing violations of the Arizona Revised Statutes as well as the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112 (a)(b). The EEOC notified Plaintiff in December 2014 that "the EEOC could not pursue her complaint." Thereafter, Plaintiff's discrimination complaint filed with the United States Department of Education Office for Civil Rights in August 2018 was dismissed.

Plaintiff now asks the Court to "require the United States Department of Education to investigate why Plaintiff was denied a hearing with the Arizona State Board of Education and why her professional standard K-8 teaching certificate was nonrenewed." (Id. at 8). Though Plaintiff appears to be alleging a violation of her constitutional rights, she does not indicate which constitutional right she believes has been violated by Defendant DeVos. Plaintiff's Complaint fails to state a plausible claim for relief, fails to state the legal nature of Plaintiff's claim against the named Defendant, and the specific actions of Defendant DeVos that give rise to civil liability.

### III. LEAVE TO AMEND

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."

A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo*, 423 U.S. at 377. Plaintiff must repeat this process for each person or entity she names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a

claim. Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed.

Plaintiff must also allege subject matter jurisdiction by either showing her claim involves a controversy between citizens of different states, and the amount in controversy exceeds $75,000, or a question of federal law, identifying the specific claim and what statute applies, if any.

### IV. POSSIBLE DISMISSAL

If Plaintiff fails to timely comply with every provision of this Order, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

### V. WARNINGS

Plaintiff is advised that she must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, … (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed.R.Civ.P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. Rule 8(d) provides that each such paragraph "must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1).

Plaintiff must keep the Court informed of her address. If Plaintiff's address changes during the course of this case, Plaintiff shall file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil

Procedure 41(b).  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir.1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

## VI. CONCLUSION

**IT IS ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed with permission to file a First Amended Complaint no later than **August 21, 2020**.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a First Amended Complaint by **August 21, 2020**, the Court will dismiss this action with prejudice.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file a First Amended Complaint, she shall not serve it on Defendant until and unless the Court screens the First Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).  If and when the Court gives Plaintiff leave to serve a First Amended Complaint, Plaintiff shall be responsible for service and may do so by request for waiver under Federal Rule of Civil Procedure 4.

Dated this 20th day of July, 2020.

Honorable Eileen S. Willett
United States Magistrate Judge